IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| BARBARA LOWE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:08-CV-137-O |
| | § | ECF |
| AMERICAN ACCOUNTS | § | |
| MANAGEMENT, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Intervenor Carmel Financial Corp., Inc.'s Motion to Intervene (the "Motion") (Doc. # 19) and Brief in Support ("Intvn. Br.") (Doc. # 20), filed March 24, 2009, and Plaintiff Barbara Lowe's Response thereto ("Pl. Rsp.") (Doc. # 21), filed April 7, 2009. Having reviewed the Motion, the related filings thereto, and the applicable law, the Court finds as follows.

**I.     Background**

This lawsuit involves allegations that Defendant, American Accounts Management, Inc., engaged in improper and unfair debt collection practices. *See generally*, Original Complaint (Doc. # 1). At issue is whether Defendant violated various fair debt collection statutes resulting in harm to Plaintiff. *Id*. Plaintiff filed her Original Complaint (Doc. #1) on August 15, 2008, and Defendant filed its Answer (Doc. # 5) on September 10, 2008. On October 1, 2008, Defendant filed its Certificate of Interested Persons (Doc. # 7) disclosing that it is a wholly-owned subsidiary of Movant, Carmel Financial Corporation. That same day, Defendant filed its Notice of Initial Disclosures (Doc. # 8) identifying Representatives and Custodians of Record for

Carmel Financial Corporation as being individuals with discoverable information.[1]  On or about November 20, 2008, Plaintiff served a *subpoena duces tecum* upon Carmel Financial Corporation.  Intvn. Br., Exhibit A.

In the present motion before the Court, Carmel Financial Corporation has moved to intervene as a matter of right, pursuant to Federal Rule of Civil Procedure 24(a)[2], alleging that Plaintiff has failed to make payments due under a contract for an extension of credit.  Intvn. Br. at 2.  Movant asserts that its claims for sums owed by Plaintiff arise from Plaintiff's original suit because it owns the account on which Plaintiff alleges Defendant violated the debt collection process.  *Id.*

## II.     Legal Standard

Rule 24 of the Federal Rules of Civil Procedure provides an absolute right of intervention to non-parties who satisfy certain requirements.  The rule states:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>     (1) is given an unconditional right to intervene by a federal statute; or
>     (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24.  For cases involving application of Rule 24(a)(2), the Fifth Circuit requires that: (1) the intervention application must be timely; (2) the applicant must have an interest

---

[1] In its First Amended Rule 26(a)(I) Initial Disclosures (Doc. # 14), filed November 14, 2008, Defendant removed references to Carmel Financial Corporation.

[2] Despite a citation to subsection (a)(1), Movant's argument for a right to intervene, as asserted in its Brief, is based upon the factors set forth in subsection (a)(2) and fails to point to any unconditional right created by federal statute.  Thus, the Court's analysis will focus on whether intervention is required by subsection (a)(2).

relating to the property that is the subject of the action; (3) the applicant must be so situated that the disposition may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties. *Taylor Communications Group, Inc. v. Southwestern Bell Tel. Co.*, 172 F.3d 385, 387 (5th Cir. 1999). Each of these requirements must be met in order to intervene as a matter of right. *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

### III.    Analysis

Movant contends that it meets all of the requirements listed above.  In support of intervention, Movant first observes that because the case has only progressed to the discovery period, and further discovery will likely not be sought, intervention will not result in prejudice to any of the parties. Intvn. Br. at 3-4.  Second, Movant states that it has a direct, substantial and legally protectable interest "in recouping the debt which forms the basis" of this action, and suggests that Plaintiff invited its participation in this action by serving a subpoena. *Id.* at 2. Third, Movant argues that its right of recovery of debts owed to it will be impaired without intervention. *Id.* at 3.  Finally, intervention is necessary, Movant asserts, because neither party can adequately represent its interest in recovering the debt owed by Plaintiff. *Id.* at 3.

Plaintiff opposes Movant's asserted bases for intervention, contending that the motion fails to meet the requirements established by Rule 24 and the mandates of the Fifth Circuit. *See Taylor*, 172 F.3d at 387, *supra*.  Plaintiff first contends that the motion is untimely. Pl. Rsp. at 2. Second, Plaintiff disputes that Movant has an interest that will be impaired or impeded by the outcome of this case. *Id.* at 3.

**a.      Timeliness**

The Fifth Circuit has identified four factors courts should consider in analyzing whether intervention is timely: (1) the length of time the intervenor knew or should have known of his interest in the case; (2) prejudice to the existing parties resulting from the intervenor's failure to apply for intervention sooner; (3) prejudice to the intervenor if his application for intervention is denied; and (4) the existence of unusual circumstances. *Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 822 (5th Cir. 2003); citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-66 (5th Cir. 1977).

With regard to the first factor, the record indicates that Movant knew or at least should have know of its need to intervene in this case several months before actually doing so. Accordingly, this factor argues against a finding of timeliness.   Movant's motion to for intervention was filed March 24, 2009.  Based upon the facts presented by Movant, the latest date on which Movant was aware of Plaintiff's lawsuit was on or about November 20, 2008, when Plaintiff served a *subpoena duces tecum*.  Intvn. Br., Exhibit A.  At the very least, Movant waited nearly four months to file its motion to intervene.  However, because Defendant is a wholly-owned subsidiary of Movant, it would seem that Movant would have been aware of the need to intervene in this matter nearly eight months earlier when the original Complaint was filed.  Movant does not point to any event in the history of this case that may have triggered their interest, other than the filing of the suit itself.  As such, it is difficult for the Court to discern any other time line wherein Movant's interest arose later.  Finally, Movant has made no effort to explain why it delayed its involvement in this matter.

As to the second factor, the Court determines that the existing parties to the action would

- 4 -

likely suffer prejudice as a result of Movant's failure to apply for intervention sooner.  The Court issued its Scheduling Order in this matter on November 14, 2008.  Doc. # 16.  The present motion for intervention came after many of the critical deadlines in this case, set by the Scheduling Order, had already expired.  For example, the deadline for joinder or amendment of pleadings lapsed on December 15, 2008; the deadlines for designation of experts for both parties expired prior to March 24, 2009; the deadline for filing of dispositive motions expired on March 6, 2009; as did the completion of discovery.  The Court instituted the Scheduling Order in this case after considering - and with great deference to - the requested deadlines of the parties in their Joint Status Report filed October 27, 2008 (Doc. #10).  Thus, the Court, noting "that the relevant prejudice is that created by the intervenor's delay in seeking to intervene after it learns of its interest, not prejudice to existing parties if intervention is allowed," finds that Movant's delay in filing its motion resulted in the expiration of many of the critical deadlines in this litigation.
*Ford v. City of Hunstville*, 242 F.3d 235, 240 ( 5th Cir. 2001) citing *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1203 (5th Cir. 1992).

With respect to the third factor, the Court observes that Movant would likely not suffer prejudice if not able to intervene in the present case. Movant will retain its claims against Plaintiff for uncollected debts that it seeks to bring to this action.  Finally, as to the fourth factor, the court determines, and neither party appears to argue otherwise,  that no unusual circumstances militate either for or against a determination that the motion is timely.

In light of all of the relevant factors for determining timeliness, and after separately assessing each independently, the Court finds that Movant's motion is untimely.   In the

alternative, if the motion were timely, the Court determines that the motion should be denied for failing to satisfy the other requirements set forth by the Fifth Circuit. *See Taylor*, 172 F.3d at 387, *supra*.

      **b.**      **Interest Relating to the Action**

Aside from considerations of timeliness, the motion fails for a second reason; Movant has failed to articulate an interest in the subject matter of the litigation. In *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452 (5th Cir. 1984) (en banc), the Fifth Circuit held that relating to the subject of the action must be "direct and substantial" and must be "something more than an economic interest." *Id.* at 463. As an alleged creditor on debts owed by Plaintiff, Movant has an economic interest, but this is not directly related to the potential awards Plaintiff could receive if she prevails in this action.  Moreover, absent the stated economic interest, Movant fails to identify any other interests it may have in this case.   A potential intervenor must have an interest "that is related to the property or transaction that forms the basis of the controversy." *Saldano v. Roach*, 363 F3d. 545, 551 (5th Cir. 2004).   Plaintiff's claims involve improper debt collection <u>conduct</u> on the part of Defendant, and do not involve in the dispute any funds that Movant may mis-identify as being the fulcrum of this case.  Movant's interest, it would seem based on the assertions in its motion, "is the prospective collectability of a debt."  *United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004); *see also Hawaii-Pac. Venture Capital Corp. V. H.B.Rothbard*, 564 F.2d 1343, 1346 (9th Cir. 1977) (the potential for impaired collectability of debts on future claims does not give rise to intervention). Thus Movant's interest in not direct and substantial as required by Rule 24 and *New Orleans Public Service*.

### c. Impairment

"Impairment exists when the decision of a legal question . . . would, as a practical matter, foreclose the rights of the proposed intervenor in a subsequent proceeding." *Stewart v. City of Houston & Houston Chief of Police Harold Hurtt*, 2009 U.S. Dist. LEXIS 23722 (S.D. Tex. Mar. 24, 2009) citing *Shea v. Angulo*, 19 F.3d 343, 347 (7th Cir. 1994). "If the disposition of a suit will not bar a proposed intervenor from asserting his or her rights in a separate action, the 'impairment' prong of Rule 24(a) typically is not met." *Id*. In the present case, Movant seeks to pursue a cause of action that is wholly separate and apart from the underlying case. As such, the disposition of the present case will not affect Movant's ability to assert a right for the alleged debts in separate litigation. Thus, the Court does not find that denying the motion to intervene will result in an impairment pursuant to Rule 24 of the Federal Rules of Civil Procedure.

## IV. Conclusion

The Court finds that the Motion to Intervene was filed in an untimely manner. Additionally, the Court finds that Movant's purported interest in this matter is not direct and substantial and would not be impaired by denial of its motion. For these reasons, the Court finds that the motion should be and hereby is **DENIED**.

**SO ORDERED** on this the 15th day of May, 2009.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**